MAKAR, J.,
concurring in result.
I agree that reversal is legally required in this custody case under the relaxed definition of what constitutes a fit parent under Florida law. Fitness is defined— not by its vernacular meaning — but by default: a parent impliedly is deemed fit if she has not “abused, abandoned or neglected” the child at issue as those concepts are legally defined. § 751.05(3)(b), Fla. Stat. (“In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child, as defined in chapter 39.”). Bad, or even terrible, childrearing does not render one unfit; only an act of abuse, abandonment, or neglect does.
In this case, the trial court was sufficiently troubled by the mother’s current lifestyle and behavior that it concluded the child should remain in the custody of his paternal aunt and uncle. This ruling, perhaps done to err on the side of caution given the child’s currently more stable environment, might be sustainable under a best interest standard. § 751.05, Fla. Stat. (modification of an order granting temporary custody is permissible “if the parties consent or if modification is in the best interest of the child.”).
A trial court, however, has no discretion and must grant petitions to terminate temporary custody, even if opposed by a child’s current caretakers for good reasons, if the parent is deemed “fit.” § 751.05(6), Fla. Stat. (“court shall terminate the [temporary custody] order upon a finding that the parent is a fit parent[.]”). Because no abuse, abandonment or neglect, as defined by law, has been shown, a transfer to the mom is required at this time.